FILED
CLERK, U.S. DISTRICT COURT
2/12/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: ram   DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

GAEA POWELL
567 Heritage Lane
Arroyo Grande, CA 93420
(310) 780-8393
Email: Gaea.Powell@gmail.com

GAEA EDDE POWELL, IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GAEA EDDE POWELL<br><br>Plaintiff,<br><br>vs.<br><br>ELAINA CANO, et al.,<br><br>Defendant. | CASE NO. 2:25-cv-10251 SRM-DTB<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

**I. INTRODUCTION**

Defendants' Motion to Dismiss rests on a fundamental mischaracterization of Plaintiff's claims.

This case is **not** about a generalized "right to privacy," nor about whether the press may lawfully report on a criminal investigation. Rather, Plaintiff alleges that Defendant **Elaina Cano**, acting under color of state law and in her official capacity as County Clerk-Recorder, **affirmatively interfered with a live municipal election** by prematurely

confirming and framing an unadjudicated inquiry as "election fraud" to the media at a time when no probable cause, legal determination, or articulated residency violation existed.

Defendants attempt to collapse this case into a routine disclosure dispute. The Complaint alleges far more: **state-created stigma**, **selective enforcement**, and **intentional election interference**, carried out through the misuse of official authority and foreseeably amplified by the press days before voting.

At the pleading stage, Plaintiff need only plausibly allege facts supporting a constitutional violation. She has done so. Defendants' Motion should therefore be denied.

**II. LEGAL STANDARD**

On a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Dismissal is inappropriate where the complaint states a plausible claim for relief.

Importantly, the Court does **not** resolve factual disputes, weigh evidence, or determine ultimate liability at this stage.

**III. DEFENDANTS MISCHARACTERIZE PLAINTIFF'S CLAIMS**

Defendants frame Plaintiff's Complaint as asserting a generalized constitutional right to keep the existence of a criminal investigation private. That is not what Plaintiff alleges.

Plaintiff alleges that Defendant Cano:

1. Acted **affirmatively**, not passively;

2. Used her **official authority** as Clerk-Recorder;

3. **Confirmed and framed** an inquiry as "election fraud";

4. Did so **during an active election**, less than thirty days before voting;

5. Acted without any legal determination, probable cause, or articulated residency standard;

6. Acted knowing that foreseeable and actual harm would occur to Plaintiff's campaign and ballot access.

This conduct **plausibly extends beyond** mere "confirmation" and into **state-created stigma and election interference**, which the Ninth Circuit has recognized as actionable under § 1983.

Because Defendants attack a claim Plaintiff is not making, much of their cited authority is inapposite.

**IV. PLAINTIFF PLAUSIBLY ALLEGES STATE-CREATED STIGMA AND DUE PROCESS VIOLATIONS**

Under the "stigma-plus" doctrine, a constitutional violation occurs when a state actor publicly imposes a stigma in connection with a tangible alteration of legal status or deprivation of a recognized liberty interest.

Here, Plaintiff alleges:

- Public branding as the subject of "election fraud";

- Occurring before any adjudication or legal finding;

- In the context of an active mayoral election;

- Resulting in chilled political speech, loss of voter support, and interference with candidacy.

Defendants argue that Plaintiff, as a candidate, has a diminished expectation of privacy. Even if true, that argument misses the point.

Plaintiff does not allege harm from truthful reporting; rather, she alleges harm from premature criminal framing by a state official before the existence of any legally cognizable offense.

Public reporting during the same election cycle further reflects that election-related investigations are typically handled with heightened restraint close to an election. A spokesperson for the District Attorney's Office publicly acknowledged that it is standard practice to avoid confirming active investigations in the weeks preceding an election due to the risk of undue influence on voters. Plaintiff alleges that Clerk-Recorder Cano's public confirmation and framing of unadjudicated inquiries occurred notwithstanding these widely recognized concerns, making the resulting stigma and electoral harm foreseeable.

A candidate does not waive the right to be free from **arbitrary, misleading, or outcome-determinative state action** simply by running for office.

**V. COMPARATIVE FACTS SUPPORT PLAUSIBLE SELECTIVE ENFORCEMENT AND PATTERN**

Although Plaintiff is the sole named plaintiff, the Complaint properly references comparative examples to demonstrate that Defendants' conduct was not isolated.

**A. Michelle Morrow**

The investigative reports reflect that Michelle Morrow was:

- Assisted repeatedly by Clerk-Recorder staff;

- Determined to be eligible to run as a write-in candidate;

- Subsequently reported based on post-election "concerns";

- Investigated by the same District Attorney investigator;

- Ultimately subjected to criminal proceedings that permanently barred her from future candidacy.

The reports further show that the investigation relied heavily on information supplied by Clerk-Recorder personnel, rather than an independent legal analysis of residency law.

**B. Hunter Breese**

Hunter Breese, whose candidacy was referenced in the same press coverage confirming "fraud investigations," was:

- Investigated by the same District Attorney investigator;

- Based on similar residency facts;

- Publicly discussed in the same election cycle;

- Ultimately **exonerated without charges**.

This disparity plausibly supports Plaintiff's allegations that enforcement was **selective, inconsistent, and outcome-driven**, rather than the neutral application of settled law.

### C. Public Records and Investigative Reports Corroborate Plaintiff's Allegations

Public investigative reports authored by Senior Investigator Nick Coughlin further corroborate Plaintiff's allegations that Clerk-Recorder Cano acted as a substantive source of investigative direction rather than a neutral records custodian.

In the July 26, 2024 investigative report concerning Michelle Morrow, Investigator Coughlin documents that Clerk-Recorder Cano initiated contact with the District Attorney's Office, expressed concerns regarding residency eligibility, and supplied interpretive conclusions regarding candidate qualifications before any criminal determination had been made.
*(See Coughlin Investigative Report dated July 26, 2024, at pp. 1–3.)*

The same report reflects that Clerk-Recorder staff assisted the candidate with filing, confirmed eligibility, and administered oaths under penalty of perjury before later characterizing the same conduct as suspicious post-election. *(Id.)*

In a subsequent August 19, 2024, report, Investigator Coughlin again relies on Clerk-Recorder Cano and Division Supervisor Bisantz as primary sources regarding voter registration and residency interpretation, without articulating a clear statutory standard for criminal fraud or resolving ambiguities in residency law. *(See Coughlin Investigative Report dated Aug. 19, 2024, at pp. 1–4.)*

These public records plausibly support Plaintiff's allegations that investigative outcomes were shaped by clerk-supplied narratives rather than neutral application of settled law, and that similar mechanisms were employed across multiple candidacies.

**D. Investigative Communications Occurred Within a Confidential Law Enforcement Context**

Investigative communications between Clerk-Recorder personnel and law enforcement occurred in the context of pending inquiries subject to customary confidentiality protections. Plaintiff alleges that despite this context, Defendant Cano publicly confirmed and framed such matters to the media during an active election, contributing to stigma and electoral harm prior to any adjudication.

**VI. DEFENDANTS' QUALIFIED IMMUNITY ARGUMENT FAILS AT THE PLEADING STAGE**

Qualified immunity is inappropriate where, taking Plaintiff's allegations as true, a reasonable official would have understood the conduct to be unlawful.

Well before 2024, it was clearly established that:

- State officials may not use their authority to interfere with elections;

- Public officials may not impose stigma without due process;

- Government actors may not prematurely criminalize conduct where the legal standard is unsettled.

No reasonable Clerk-Recorder would believe it lawful to publicly confirm and frame an unadjudicated inquiry as "election fraud" days before voting, particularly where residency law was disputed and under investigation.

Accordingly, qualified immunity cannot be resolved on a Rule 12(b)(6) motion.

**VII. PLAINTIFF HAS PLAUSIBLY ALLEGED MUNICIPAL LIABILITY**

Plaintiff alleges more than a single isolated incident. The Complaint plausibly pleads:

- Repeated conduct involving the same officials;

- Use of official authority and procedures;

- Failure to safeguard investigatory confidentiality during elections;

- Ratification through inaction and repetition.

At the pleading stage, this is sufficient to state a Monell claim. Whether Plaintiff can ultimately prove municipal liability is a question for discovery, not dismissal.

**VIII. LEAVE TO AMEND SHOULD BE GRANTED IF NECESSARY**

Even if the Court were to conclude that any aspect of the Complaint is insufficiently pled, dismissal with prejudice would be improper. Plaintiff has obtained

additional discovery materials, including communications between Clerk-Recorder Cano and investigators, that further support her claims and were not available at the time of filing. Plaintiff therefore respectfully requests leave to amend pursuant to Rule 15 if necessary.

**IX. CONCLUSION**

Defendants' Motion to Dismiss is premised on a mischaracterization of Plaintiff's claims and an improper attempt to resolve factual disputes at the pleading stage. Plaintiff has plausibly alleged violations of her constitutional rights under § 1983.

For these reasons, Defendants' Motion should be **DENIED**.

Dated February 11, 2026

*Gaea Powell*
_____
Gaea Edde Powell, Plaintiff in Pro per

**DECLARATION OF GAEA EDDE POWELL**
**IN SUPPORT OF PLAINTIFF'S OPPOSITION**
**TO DEFENDANTS' MOTION TO DISMISS**

**Case No. 2:25-cv-10251 SRM-DTB**

I, Gaea Edde Powell, declare as follows:

1. I am the Plaintiff in this action and submit this declaration in support of my Opposition to Defendants' Motion to Dismiss. I have personal knowledge of the matters set forth herein and, if called as a witness, could and would testify competently thereto.

2. In preparing my Opposition, I reviewed investigative reports authored by Senior Investigator Nick Coughlin concerning election-related investigations in San Luis Obispo County, including reports dated July 26, 2024, and August 19, 2024, relating to candidate Michelle Morrow.

3. I also reviewed discovery materials recently produced by the District Attorney's Office that were not included in the original discovery provided to me, including communications between Clerk-Recorder Elaina Cano and law enforcement investigators.

4. In addition, I reviewed contemporaneous media coverage during the 2024 election cycle in which Clerk-Recorder Cano publicly confirmed to the press the existence of election-related investigations involving multiple candidates, including myself.

5. I reference these materials solely to demonstrate the plausibility of the allegations in my Complaint, including the affirmative role of Clerk-Recorder personnel in initiating and shaping investigatory matters, the timing of public confirmations during an active election, and the resulting stigma and electoral harm prior to any adjudication.

6. To the extent the Court determines that any portion of the Complaint is insufficiently pled, I respectfully request leave to amend pursuant to Rule 15, as additional factual detail reflected in these materials was not available at the time the Complaint was filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2026,

at Arroyo Grande, California.

*Gaea Powell*
_____

Gaea Edde Powell
Plaintiff, In Pro Per