Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Kelly A. Duncan (State Bar No. 216181)
*kelly.duncan@manningkass.com*
Martin A. Mettias (State Bar No. 355062)
*martin.mettias@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
4001 Eleventh Street
Riverside, California 92501
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

*Exempt from Filing Fees*
*Gov't Code Section 6103*

Attorneys for Defendants
COUNTY OF SAN LUIS OBISPO and
ELAINA CANO

MANNING | KASS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

GAEA EDDE POWELL,

Plaintiff,

v.

ELAINA CANO, in her individual and official capacity as San Luis Obispo County Clerk-Recorder; COUNTY OF SAN LUIS OBISPO,

Defendants.

Case No. 2:25-cv-10251-SRM (DTB)

**DEFENDANTS COUNTY OF SAN LUIS OBISPO AND ELAINA CANO'S REPLY TO PLAINTIFF'S OPPOSITION**

Date: Under Submission
Time:
Crtrm.: 5D

District Judge: Hon. Serena R. Murrillo
Magistrate Judge: Hon. David T. Bristow

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants COUNTY OF SAN LUIS OBISPO ("County") and ELAINA CANO ("Cano") have compellingly moved to dismiss Plaintiff GAEA EDDE POWELL's ("Plaintiff") 42 U.S.C. 1983 Complaint ("Complaint") under Fed. R. Civ. P. 12(b)(6). The Motion is grounded in the undeniable fact that the Complaint is vague, conclusory, and ambiguous. It fails to articulate a claim upon which relief can be granted, falling short of the clear pleading standards set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants have thoroughly addressed Plaintiff's allegations in their Motion against her Complaint. However, in her Opposition, Plaintiff completely sidesteps the core issues raised regarding her Complaint. Instead of engaging with the arguments, she claims Defendants mischaracterize her claims, which is a misplaced argument. Furthermore, Plaintiff introduces a flood of new unsupported legal theories and conclusory factual assertions. Plaintiff's arguments are also presented without <u>any</u> authoritative backing. Moreover, Plaintiff improperly references extrinsic evidence not before the Court, which should be entirely disregarded. Such tactics are inappropriate in opposing the merits of a 12(b)(6) Motion.

Ultimately, Plaintiff's Complaint and her Opposition fail to adequately justify or substantiate her claims, nor do they provide a valid reason for the Court to deny Defendants' Motion or grant Plaintiff to amend.

///

///

///

///

///



MK MANNING | KASS

## II. ARGUMENT

### A. The Court Should Disregard New Allegations and Exhibits Cited In Plaintiff's Opposition

It is crucial to recognize that it is well established that Plaintiff cannot introduce new facts and theories of liability for the first time in Opposition when the original Complaint is silent on these matters. This is precisely what the Plaintiff attempts to do here in Opposition. In *Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003), the court held that the plaintiffs in that case included facts that were not in their first amended complaint but were alleged in their opposition to the Rule 12(b)(6) dismissal motions. The court in *Broam* further noted that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't. of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998). See also *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir.1993); see also 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). The focus of any Rule 12(b)(6) dismissal, both in the trial court and on appeal, is the complaint.

Therefore, the Court should disregard Plaintiff's entire Opposition, including the Introduction, Sections III through VII, and all subparts contained therein. These sections introduce new facts, arguments, and unsupported theories of liability against Defendants for the first time, which were not sufficiently pled in her original Complaint.

///

///

///

///



MANNING | KASS

### B. Plaintiff's New "Stigma-Plus" and "Election Interference" Theories Are Not Sufficiently Pled and Are Deficient

#### 1. Plaintiff's Complaint Does Not Plead Elements of "Stigma-Plus"

In Section IV of her Opposition, Plaintiff introduces and alleges a conclusory "stigma-plus" doctrine, which was neither mentioned nor sufficiently pled in the Complaint. She presents conclusory facts alongside this doctrine without any well-pleaded facts or supporting legal authority.

Therefore, Section IV should be entirely disregarded. This theory of liability is baseless, vague, ambiguous, and conclusory, introduced for the first time in Opposition and completely absent from the Complaint.

#### 2. Plaintiff's "Election Interference" Is Not A Pled Cause of Action in Her Complaint

In Opposition, Plaintiff alleges an unpled "Election Interference" theory based on various extrinsic conclusory statements. (Opposition Sections I, II, and IV.) However, Plaintiff's Complaint lacks well-plead factual allegations establishing the essential elements or cause in which relief can be granted.

Therefore, this theory of liability and allegations are baseless, vague, ambiguous, and conclusory, introduced for the first time in Opposition and completely absent from the Complaint.

### C. Defendant Cano Is Entitled to Qualified Immunity

In Section VI of Plaintiff's Opposition, the argument against qualified immunity is presented without sufficient basis or legal authority. Plaintiff claims that a reasonable official would have understood the conduct to be unlawful, citing established principles against interference in elections and imposing stigma without due process. However, Plaintiff admits there was a valid ongoing investigation prior to the election regarding residency, confirming the basis for the inquiry.

///



MK MANNING | KASS

Furthermore, the Complaint fails to specify the standard Cano was to adhere to or the well-established right allegedly violated. This conclusory allegation is insufficient. Cano would be entitled to qualified immunity, as Plaintiff did not have a well-established right to privacy regarding the subject investigation, and Cano could not reasonably believe her actions were unlawful, even when considering qualified immunity allows for reasonable mistakes of law.

Therefore, Cano would be entitled to qualified immunity.

### D. PLAINTIFF'S COMPARATIVE "SELECTIVE ENFORCEMENT" NARRATIVE RELIES ON EXTRA-RECORD FACTS AND FAILS TO STATE A CLAIM

In Section V of Plaintiff's Opposition, a new legal theory of liability is introduced for the first time, accompanied by vague and conclusory facts absent from the Complaint. Despite Plaintiff's assertions, there is a significant disconnect between the alleged facts and the conclusions drawn, lacking any causal connection. The references to Michelle Morrow and Hunter Breese narratives as well as any reference to "Coughlin Investigative Report dated July 26, 2024, at pp. 1–3" are unsupported by judicial notice and absent from the Complaint. Plaintiff's Opposition improperly relies on these facts to circumvent the Complaint and attempt to establish patterns, sources, and outcomes, which is procedurally improper when considering Defendant's Motion. Even if considered, which it should not be, disparate outcomes among candidates with distinct facts and circumstances do not plausibly demonstrate intentional discrimination or selective enforcement on any protected or arbitrary basis. This attempt by the Plaintiff to establish *Monell* liability against the County is insufficient.

Therefore, Section V and its subparts A, B, and C should be entirely disregarded. This theory of liability is baseless, unsupported by coherent legal authority, and was introduced in Opposition for the first time, being completely absent from the Complaint.



MK MANNING | KASS

MANNING | KASS

### E. Leave to Amend Should Not Be Granted

In Section VIII of Plaintiff's Opposition, Plaintiff contends that if the Court finds any aspect of the Complaint insufficiently pled, leave to amend should be granted. Leave to amend should be granted if it appears plausible that the defects in the complaint could be corrected, "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). If after careful review it becomes clear that a complaint cannot be cured by amendment, the court may dismiss the complaint without leave to amend. See *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-1088 (9th Cir. 2002). In other words, leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

Here, Plaintiff's entire Complaint is insufficiently pled, not just aspects of her Complaint. Based on the current allegations in the Complaint and those included in the Opposition, it is evident that no viable cause of action against Defendants exists. Furthermore, no amendment of the Complaint will result in a viable cause of action. Plaintiff's reason for amendment, citing newly obtained materials such as communications between Cano and investigators, is unpersuasive. The core issue in the Complaint is the alleged wrongful disclosure to a San Luis Obispo Tribune news reporter, not district attorney investigators. Therefore, the present Motion should be granted without leave to amend.

## III. CONCLUSION

For all the reasons above, Plaintiff's Complaint against Defendants should be dismissed in its entirety, with prejudice, and without leave to amend, as any amendment would be futile.

///

///

///

///

DATED: February 25, 2026

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: *Martin A. Mettias*

Eugene P. Ramirez
Kelly A. Duncan
Martin A. Mettias
Attorneys for Defendants
COUNTY OF SAN LUIS OBISPO and
ELAINA CANO

MANNING | KASS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 4001 Eleventh Street, Riverside, CA 92501.

On **February 25, 2026**, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF SAN LUIS OBISPO AND ELAINA CANO'S REPLY TO PLAINTIFF'S OPPOSITION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Annette.Houston@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 25, 2026**, at Riverside, California.

*Annette Houston*

Annette L. Houston

MANNING | KASS

# PROOF OF SERVICE - MAILING LIST

Case: Powell v. County of San Luis Obispo, et al.
Court Case No.: 2:25-cv-10251-SRM (DTB)
Our File No.: SLO-182

| | |
|---|---|
| Gaea Powell<br>567 Heritage Lane<br>Arroyo Grande, CA 93420<br>Telephone: (310) 780-8393<br>Gaea.powell@gmail.com | In Pro Se |

MANNING | KASS