UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GAEA EDDE POWELL,<br>Plaintiff,<br>v.<br>ELAINA CANO, et al.,<br>Defendants. | Case No. 2:25-cv-10251-SRM-DTB<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**PROCEEDINGS**

On October 21, 2025, plaintiff Gaea Edde Powell ("Plaintiff") filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") ("Complaint"). (Docket No. 1). Named as defendants in the Complaint are the following: County of San Luis Obispo ("County") and Elaina Cano ("Cano"), the County Clerk-Recorder, sued in her individual and official capacities. (Id. at 1-2).[1]

[1] For the parties' pleadings, the Court cites to the CM/ECF pagination at the top of each page.

County and Cano are collectively referred to herein as "Defendants".

The Complaint appears to allege the following claims: (1) The violation of Section 1983; (2) the violation of Plaintiff's rights to free speech and association under the First Amendment; and (2) the violation of Plaintiff's right to due process and equal protection under the Fourteenth Amendment. (Id. at 1, 4-5).

On October 27, 2025, Plaintiff filed a Notice of Errata which corrected the Complaint at page 5, paragraph 5. (Docket No. 4).

On January 27, 2026, Defendants filed a Motion to Dismiss the Complaint ("Motion to Dismiss"). (Docket No. 23). The Motion to Dismiss is based on the grounds that (1) Plaintiff's claims are vague, ambiguous, and conclusory, (2) Plaintiff has failed to state a claim upon which relief can be granted, (3) Cano is entitled to qualified immunity, and (4) the County is not liable to Plaintiff under Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658 (1978). (Docket No. 23 at 2, 9, 13-22).

On February 12, 2026, Plaintiff filed an Opposition to the Motion to Dismiss ("Opposition") (Docket No. 26 at 1-9), accompanied by the supporting Declaration of Plaintiff (id. at 10-11).

On February 25, 2026, Defendants filed a Reply to the Opposition. (Docket No. 27).

For the reasons set forth below, the Motion to Dismiss is granted and Plaintiff's claims in the Complaint are dismissed without prejudice and with leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## II.

## SUMMARY OF FACTUAL ALLEGATIONS[2]

Plaintiff was a candidate for Mayor of Arroyo Grande in San Luis Obispo County, California, in the election scheduled for November 5, 2024. (Complaint at 3 (¶ 1)). On or about October 7, 2024, Cano, as County Clerk-Recorder, knowingly and intentionally disclosed and confirmed to the media, including the San Luis Obispo Tribune, the existence of a preliminary criminal investigation into Plaintiff by the San Luis Obispo County District Attorney's Office ("DA's Office") regarding alleged election-related issues. (Id. (¶ 2)).

Cano improperly disclosed confidential information obtained through privileged communications with the DA's Office, including confirming the District Attorney's request for and her office's provision of Plaintiff's candidacy and voter registration filings. (Id. (¶ 3)). Such communications stemmed from unverified allegations, including those made by Tom Fulks, Chair of the San Luis Obispo County Democratic Party, which initiated the investigation. (Id.).

Cano's actions were intentional and motivated by a desire to interfere with Plaintiff's campaign, as evidenced by the timing of the disclosure (close to the election), Cano's selective confirmation targeting Plaintiff (while the DA's Office declined to comment), and Cano's awareness of the investigation through the District Attorney's request for Plaintiff's filings. (Id. (¶ 4)).

As a direct result of Cano's actions, several front-page articles were published on or around October 11, 2024. (Docket No. 4 at 2-3).

/ / /

---

[2] While the factual allegations in the Petition are not set forth in a clear and coherent manner, the Court has endeavored to properly summarize them. To the extent that Plaintiff makes factual allegations in the Opposition (see Docket No. 26 at 4-7), the Court's summary will not include those factual allegations.

The County maintained policies, customs, or practices, including a failure to adequately train or supervise employees regarding the confidentiality of preliminary investigatory matters, especially in the context of ongoing elections, which enabled and ratified Cano's conduct. (Id. at 4 (¶ 6)).

As a result, Plaintiff has suffered interference with her campaign, including chilled political speech and association with supporters, loss of voter support, and reputational harm. (Id. (¶ 7)).

## III.

## STANDARD OF REVIEW FOR A MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of claims alleged in a complaint. A complaint may be dismissed for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). To survive a Rule 12(b)(6) motion, a plaintiff must allege facts sufficient to state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Plausibility does not mean probability but does require "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 566 U.S. at 678. A pleading that offers mere "labels and conclusions" or "a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555; see also Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) ("Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions . . . that 'plausibly give rise to an entitlement to relief' . . . . The plausibility of a

pleading thus derives from its well-pleaded factual allegations.") (quoting Iqbal, 556 U.S. at 679).

In considering a motion to dismiss, a court must accept all factual allegations in the complaint as true "and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (Pleadings by pro se plaintiffs "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted). But the liberal pleading standard "applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) ("[W]e do not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations."). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted).

A court may consider exhibits attached to a complaint and incorporated by reference. See Petrie v. Electronic Game Card, Inc., 761 F.3d 959, 964 n.6 (9th Cir. 2014). However, a court is not required to accept as true allegations contradicted by exhibits attached to a complaint or conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). While on a Rule 12(b)(6) motion a court cannot consider evidence outside the pleadings, a court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) [T]he complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the

authenticity of the document." United States v. Corinthian Colls., 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

Rule 12(b)(6) is read in conjunction with Fed.R.Civ.P. ("Rule") 8(a). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). While Rule 8 does not require detailed factual allegations, a complaint, at a minimum, must allege enough specific facts to provide both "fair notice" to a defendant of the particular claim being asserted and "the grounds upon which [that claim] rests." Twombly, 550 U.S. at 555 & n.3 (citation omitted); see also Iqbal, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

If a court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave to amend [a pleading] when justice so requires."). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, a court may dismiss without leave to amend. See Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016) (Rule 15's liberal amendment policy "does not apply when amendment would be futile"); Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); see also Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th

Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense.") (citation omitted).

## IV.

## DISCUSSION

### A. The Complaint Fails to Comply with Rule 8.

As noted above, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." See also Swierkiewicz v. Sorema, 534 U.S. 506, 513-14, (2002) (holding that Rule 8(a)'s simplified notice pleading standard applies to all civil actions, except those delineated in Rule 9(b)). As the Supreme Court has stated, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3. Although the Court must construe a pro se plaintiff's complaint liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Moreover, the failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Here, the allegations in the Complaint fail to comply with Rule 8. The Complaint fails to set forth a short and plain statement of the purported grounds for relief against each defendant as required by Rule 8. Moreover, the Complaint does not contain specific allegations of wrongdoing as to each defendant. Moreover, the Complaint does not sufficiently identify which constitutional rights were violated

and how each defendant violated them. The lack of factual detail deprives the County of fair notice of the nature of Plaintiff's claims against them and, by extension, the ability to defend themselves. See Twombly, 550 U.S. at 565 n.10 (conclusory allegations furnish "no clue" as to "specific time, place or person involved in" alleged misconduct, and which leave a defendant "little idea where to begin" when answering, is insufficient to provide the notice required under the standard of Rule 8). Plaintiff's accusation that Defendants in the Motion to Dismiss have mischaracterized Plaintiff's claims (Docket No. 26 at 2) only confirms the insufficiency of the allegations in the Complaint.

After construing Plaintiff's allegations liberally and affording Plaintiff the benefit of any doubt, the Court finds that the Complaint altogether fails to allege sufficient "factual content that allows the [C]ourt to draw the reasonable inference that [the defendants are] liable for the misconduct alleged." See Iqbal, 556 U.S. at 678.

As such, the Complaint fails to comply with the minimum pleading requirements of Rule 8.

## B. The Complaint Fails to State a Claim Upon Which Relief Can be Granted.

### 1. Legal Standard for Section 1983 Claims.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a particular defendant, acting under color of state law, caused a deprivation of the plaintiff's federal rights. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right.") (citations omitted). Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual

defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988); see also Harper v. City of L.A., 533 F.3d 1010, 1026 (9th Cir. 2008) ("[T]he plaintiff must ... demonstrate that the defendant's conduct was the actionable cause of the claimed injury."). A constitutional deprivation is "caused" when a person: (1) "[D]oes an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (citation omitted). "Liability under section 1983 arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [her] civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

2. The Complaint Fails to State a Plausible Section 1983 Claim Against Defendants.

Contrary to Plaintiff's assertions (see Docket No. 26 at 1-4), the Complaint does not clearly and sufficiently allege which actions by each defendant violated Plaintiff's constitutional rights, how the actions of each defendant violated Plaintiff's constitutional rights, or which of Plaintiff's constitutional rights were violated.

Therefore, the allegations in the Complaint are insufficient to establish Section 1983 liability against the Defendants.

To the extent that the Complaint alleges a Section 1983 claim against the County and Cano in her official capacity, Plaintiff's Section 1983 claim is subject to dismissal.

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. As the Supreme Court has explained, "[t]here is no longer a need to bring official-capacity actions against local government officials, under Monell, . . . local government units can be sued directly for damages and injunctive or declaratory relief. Id. at 167, n.14; see also Brandon v. Holt, 469 U.S. 464, 473-74 (1985) (reiterating that a Section 1983 action against a municipal employee in their official capacity is, in fact, an action against the municipality itself).

A local government entity, such as the County, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. To state a Section 1983 municipal liability claim against a government entity or a state official in his or her official capacity, a plaintiff must allege that a policy, practice, or custom of the entity was a moving force behind a violation of constitutional rights. Id.; Gordon v. Cty. of Orange, 6 F.4th 961, 973 (9th Cir. 2021); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011); see also Webb v. Sloan, 330 F.3d 1158, 1164 (9th Cir. 2003) (liability under Monell may attach when an employee "was acting pursuant to an official municipal policy" or when "an employee commits a constitutional violation pursuant to a longstanding practice or custom") (citation omitted). The elements of a municipal liability claim are "(1) [T]hat [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." Dougherty, 654 F.3d at 900

(quoting Plumeau v. Sch. Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997)). "A 'policy' is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Fairley v. Luman, 281 F.3d 913, 918 (9th Cir. 2002) (per curiam) (citation and internal quotation mark omitted). "A 'policy' can be one of action . . . or inaction." (Id.) (internal citations omitted).

There is no liability under Monell where there is proof of only a single incident of unconstitutional activity, "unless proof of the incident includes proof that it was caused by an existing, unconstitutional [local government] policy, which policy can be attributed to a [local government] policymaker." Meehan v. County of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (quoting City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985)).

A public entity may be held liable under Section 1983 for "constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through that body's official decision-making channels." Monell, 436 U.S. at 690-91. In order for Monell liability to attach to a public entity's custom or practice, it must be "widespread" or "so permanent and well settled as to constitute a 'custom or usage' with the force of law." City of St. Louis v. Paprotnik, 485 U.S. 112, 126 (1988) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970)); see also Sabra v. Maricopa Cnty. Cmty. Coll. Dist., 44 F.4th 867, 884 (9th Cir. 2022) ("Establishing municipal liability through the existence of a longstanding practice or custom is predicated 'on the theory that the relevant practice is so widespread as to have the force of law.'") (citation omitted); Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon

practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.") (citation omitted).

"Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a "policy' as defined by our prior cases—can a [municipality] be liable for such a failure under § 1983." City of Canton v. Harris, 489 U.S. 378, 388-89 (1989). "[A] municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of person with whom the [untrained employees] come into contact.'" Connick v. Thomas, 563 US. 51, 61 (2011) (quoting Canton, 489 U.S. at 389). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick, 563 U.S. at 61 (quoting Bd. of Comm'rs v. Brown, 520 U.S. 397, 407 (1997)). Deliberate indifference in this context requires proof that a municipality's policymakers had "actual or constructive notice that a particular omission in their training program causes [the municipality'] employees to violate citizens' constitutional rights[.]" Connick, 563 U.S. at 61 (quoting Brown, 520 U.S. at 407); see also Dougherty, 654 F.3d at 900 ("Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely.") (citing Canton, 489 U.S. at 390). "A showing of simple or even heightened negligence will not suffice." Brown, 520 U.S. at 407; see also Dougherty, 654 F.3d at 900 ("Mere negligence in training or supervision . . . does not give rise to a Monell claim.") (citation omitted). "[A] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Connick, 563 U.S. at 58.

However, "a Monell claim must consist of more than mere formulaic recitations of the existence of unlawful policies, conducts, or habits." A.B. v. City of Santa Ana, Case No. 8:18-cv-DOC-ADS, 2019 WL 1578380, at *3 (C.D. Cal.

Feb. 11, 2019) (citation omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Oviatt v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) ("The existence of a policy, without more, is insufficient to trigger local government liability under section 1983.") (citing Canton, 489 U.S. at 388-89). "Monell allegations must be [pled] with specificity as required under Twombly and Iqbal." Sawaged v. Child Protection DCFS Service Los Angeles, Case No. 2:23-cv-05972-SVW-JDE, 2023 WL 5986119, at *3 (C.D. Cal. Sept. 13, 2023) (citation omitted).

Here, the Complaint is devoid of allegations regarding a specific policy, custom, or practice by the County which caused Plaintiff's constitutional injury. Absent such allegations, the Complaint fails to state a Section 1983 claim under Monell against the County.

3. The Complaint Fails to State a Plausible First Amendment Claim.

In the Complaint, Plaintiff appears to allege that Defendants violated her rights to free speech and association in political campaigns under the First Amendment. (Complaint at 1, 4-5).

The First Amendment provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. "The Supreme Court has held that the First Amendment implicitly recognizes 'a right to associate for the purpose of engaging in those activities' that it explicitly protects." Crowe v. Oregon State Bar, 112 F.4th 1218 (9th Cir. 2024) (quoting Roberts v. U.S. Jaycees, 468 U.S. 69, 618 (1984)). The First Amendment is applicable to the states through the Due Process Clause of the Fourteenth Amendment. Menotti v. City of Seattle, 409 F.3d 1113, 1140 n.51 (9th Cir. 2005) (citations omitted). "'State action designed to retaliate against and chill political

expression strikes at the very heart of the First Amendment.'" Slomack v. Tadlock, 21 F.3d 1462, 1469 (9th Cir. 1994) (quoting Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986)). To establish the violation of the First Amendment, the plaintiff must demonstrate that the defendants deterred or chilled the plaintiff's speech, and that "such deterrence was a substantial or motivating factor in [their] conduct." Slomack, 21 F.3d at 1469 (citation omitted).

Here, the Complaint fails to allege what actions by Defendants and how Defendants' actions violated her First Amendment rights to free speech and association. Moreover, the Complaint fails to allege that deterrence of Plaintiff's First Amendment rights to free speech and association was a substantial or motivating factor in Defendants' conduct.

Accordingly, the Complaint fails to allege a plausible First Amendment claim.

4. The Complaint Fails to State a Plausible Procedural Due Process Claim.

The Complaint appears to allege a Fourteenth Amendment procedural due process claim against Defendants. (Complaint at 1, 4-5). According to Plaintiff, Defendants' actions deprived Plaintiff of her right to procedural due process "by denying [her the] opportunity to respond to unverified allegations before public dissemination[.]" (Id. at 4-5).

The Fourteenth Amendment provides, in pertinent part, that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974). This Clause has both procedural and substantive components. See e.g., Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 72 (2009).[3]

/ / /

[3] It appears that Plaintiff is attempting to allege a procedural due process claim only.

A procedural due process claim has two elements: (1) A protected property or liberty interest, and (2) a denial of adequate procedural protections. Johnson v. Ryan, 55 F.4th 1167, 1179 (9th Cir. 2022); Pinnacle Armor, Inc. v. U.S., 648 F.3d 708, 716 (9th Cir. 2016) (citation omitted); see also Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993) ("A section 1983 claim based upon procedural due process thus has three elements: (1) [A] liberty or property interest protected by the Constitution; (2) a deprivation of interest by the government; (3) lack of process."); The Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

"The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999); see also Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz., 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution.") (citations omitted).

Here, the Complaint does not allege that Plaintiff was deprived of a protected liberty or property interest. Moreover, the Complaint does not specify the actions of each defendant that violated Plaintiff's right to procedural due process. Finally, the Complaint does not sufficiently describe the procedural protections of which Plaintiff was deprived.

Accordingly, the Complaint fails to state a plausible procedural due process claim.

/ / /

/ / /

5. The Complaint Fails to State a Plausible Equal Protection Claim.

The Complaint appears to allege a Fourteenth Amendment equal protection claim against Defendants. (Complaint at 1, 4-5). Specifically, Plaintiff alleges that Defendants' actions deprived Plaintiff of her right to equal protection "by selectively targeting Plaintiff[.]" (Id. at 4-5).

"The Equal Protection Clause of the Fourteen Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citation omitted). To state an equal protection claim, a plaintiff must allege that similarly situated individuals were intentionally treated differently without a rational basis for the difference in treatment. See Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.").

The Complaint does not contain any allegations that Defendants acted with an intent or purpose to discriminate against Plaintiff based upon her membership in a protected class.

Therefore, the Complaint fails to state a plausible equal protection claim. See Byrd v. Maricopa City Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (a plaintiff claiming an equal protection violation "must plead intentional unlawful discrimination or allege facts that are at least susceptible to an inference of discriminatory intent"); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) ("Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status.") (citation omitted; underlining in original).

For the reasons stated above, the Defendants' Motion to Dismiss is granted.[4]

**C. <u>Leave to Amend is Granted.</u>**

As discussed above, the Ninth Circuit requires that pro se litigants be given an opportunity to amend unless it is clear that the deficiencies cannot be overcome. <u>Lopez</u>, 203 F.3d at 1130-31. While the Court is dubious that Plaintiff can state plausible claims against Defendants, the Court cannot at this point conclude that amendment of Plaintiff's claims would be futile. Therefore, in the interest of justice, and in light of her pro se status, Plaintiff should be granted an opportunity to cure the above-noted deficiencies in her pleading.

**V.**

**ORDER**

IT IS THEREFORE ORDERED that: (1) Defendants' Motion to Dismiss is GRANTED; (2) Plaintiff's claims in the Complaint against Defendants are DISMISSED without prejudice and with leave to amend; and (3) if Plaintiff still desires to pursue her claims against Defendants, she must file a First Amended Complaint within thirty (30) days of this Order.

If Plaintiff chooses to file a Fifth Amended Complaint, it should bear the case number assigned in this case; be labeled "Fifth Amended Complaint"; and be complete in and of itself without reference to any other pleading, attachment, or document.

DATED: August 28, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

---

[4] In light of the Court's determinations above, the Court declines to consider Defendants' contentions that Cano is entitled to qualified immunity from the First and Fourteenth Amendment claims alleged in the Complaint (<u>see</u> Docket No. 23 at 19-20; Docket No. 27 at 5) and that the County is not liable to Plaintiff under <u>Monell</u> (<u>see</u> Docket No. 23 at 20-22)